1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   JOHN E. JAMES, III,                    )   No. C 08-2706 JSW (PR)
                                           )
9                  Plaintiff,              )
                                           )   **ORDER OF DISMISSAL WITH**
10      v.                                 )   **LEAVE TO AMEND**
                                           )
11  CALIFORNIA DEPARTMENT OF               )
    CORRECTION, et al,                     )   (Docket No. 3)
12                                         )
                   Defendants.             )
13                                         )
    _____
14

15

16          Plaintiff, currently incarcerated at the California Correctional Institution in

Tehachapi, California, has filed a civil rights complaint.  Plaintiff has filed a motion to

proceed *in forma pauperis* (docket no. 3), which is GRANTED in a separate order filed

simultaneously.  In this order, the Court reviews Plaintiff's complaint pursuant to 28

U.S.C. § 1915A and dismisses the amended complaint with leave to amend within thirty

days.

                                **DISCUSSION**

          As a preliminary matter, Plaintiff has filed a complaint of over 45 pages,

involving 46 different named Defendants and many seemingly unrelated claims.  The

claims in the complaint are wide-ranging and include Eighth Amendment claims of

excessive force, conspiracy, discrimination, First Amendment violations and due process

violations.  However, Plaintiff has failed to clearly identify which claims relate to which

Defendants and to set forth a simple and concise statement regarding the substance of

each claim and the actions of each Defendant that give rise to the complaint.  Therefore, the complaint is dismissed with leave to amend as set forth below.

I     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two  elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

II     Legal Claims

Plaintiff's complaint includes a separate list of 46 defendants and a lengthy recitation of facts intermingled with legal arguments and discussion of the inmate administrative appeals process, but fails to identify which actions of each individual Defendant violated his rights with regard to each claim.  A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982).  District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

Further, the complaint does not comply with the requirement that the averments

be "simple, concise, and direct."  Federal Rule of Civil Procedure 8(d) requires that each averment of a pleading be "simple, concise, and direct," and may be the basis for dismissal.  *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant").  The complaint here does not comply with Rule 8(d).  There are not simple, concise and direct averments, and instead the factual allegations are intertwined with legal argument, do not identify which Defendants they relate to and are excessively complicated.

Plaintiff's complaint fails to provide a short, plain and separate statement regarding each claim: the specifics regarding the mistreatment he suffered, how it violated his constitutional rights, whether he suffered any injury as a result, and the conduct of each individual Defendant that he asserts is responsible for a constitutional violation.  Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim with regard to each separate claim.  If he contends any Defendant is liable for more than one of the claimed constitutional violations, he must specify that.  As such, Plaintiff will be granted leave to amend to allege specifics.

In his amended complaint, Plaintiff must establish legal liability of each person for the claimed violation of his rights.  Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation

may be basis for liability).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  *Leer*, 844 F.2d at 634.

With regard to the supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."  *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff might be able to state a claim upon which relief may be granted if he can in good faith allege facts which clearly and briefly identify the injury he suffered, or continues to suffer, personally as a result of the alleged actions of individual Defendants; identify specifically and link to his allegations to the responsible parties.  Without this basic information, the complaint cannot proceed.

The complaint need not be long.  In fact, a brief and clear statement with regard to each claim listing each Defendant's actions regarding that claim is preferable.  Plaintiff should state his claims simply and need not present a lengthy history of administrative appeals filed challenging the actions of Defendant(s) with regard to the claim.  The amended complaint should comply with Rule 8 and provide a more coherent and less verbose and argumentative recitation of the claims regarding each alleged constitutional violation.  Moreover, Plaintiff should be sure that his claims are properly joined under Rule 20 of the Federal Rules of Civil Procedure.  Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

4

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in dismissal of the complaint.

2.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3.  It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: October 16, 2008

_____
JEFFREY S. WHITE
United States District Judge

5

1

UNITED STATES DISTRICT COURT

2

FOR THE

3

NORTHERN DISTRICT OF CALIFORNIA

4

5

6    JOHN E. JAMES,                          Case Number: CV08-02706 JSW

7           Plaintiff,           **CERTIFICATE OF SERVICE**

8     v.

9    CA DEPT OF CORRECTION et al,

10           Defendant.                  /

11

12    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District
Court, Northern District of California.

13    That on October 16, 2008, I SERVED a true and correct copy(ies) of the attached, by placing
said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
14    depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office
delivery receptacle located in the Clerk's office.

15

16

17    John E. James
P.O. Box 1906
18    P13474
Tehachapi, CA 93581
19

Dated: October 16, 2008

20                          Richard W. Wieking, Clerk
                         By: Jennifer Ottolini, Deputy Clerk

21

22

23

24

25

26

27

28