IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN E. JAMES, III, | No. C 08-2706 JSW (PR) |
| Plaintiff, | |
| v. | **ORDER OF DISMISSAL** |
| CALIFORNIA DEPARTMENT OF CORRECTION, et al, | |
| Defendants. | |

**INTRODUCTION**

Plaintiff, a California prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. The complaint was dismissed with leave to amend, and Plaintiff filed a timely amended complaint. In this order, the Court reviews Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. The amended complaint is dismissed for failing to cure the deficiencies in the original complaint, as ordered by the Court.

**DISCUSSION**

I.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

defendant who is immune from such relief." *Id.* § 1915A(b).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins,* 487 U.S. 42, 48 (1988).

II      <u>Legal Claims</u>

The original complaint and attachments consisted of 88 pages of many unrelated claims against 46 different defendants.  The claims were wide-ranging, including claims of excessive force, conspiracy, discrimination, First Amendment violations and due process violations, and arose from a number of distinct incidents.  Plaintiff also failed to clearly identify which claims were brought against which Defendants, or to set forth a concise statement regarding the substance of each claim and the actions of each Defendant giving rise to the claim.  The complaint was dismissed because, among other things, it did not comply with Rule 8(e)'s requirement that pleadings set forth a "short and plain statement" for relief, and did not identify the conduct of each individual Defendant that caused a violation of Plaintiff's constitutional rights.  Plaintiff was given leave to file an amended complaint curing these deficiencies.  The amended complaint fails to do so.

The amended complaint does not comply with the Court's instructions, pursuant to Federal Rule of Civil Procedure 8(e), that Plaintiff set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(e) requires that each averment of a pleading be "simple, concise, and direct," and the failure to adhere to this requirement may be the basis for dismissal. *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative,

2

prolix, replete with redundancy, and largely irrelevant"). The amended complaint does not have simple, concise and direct averments. Instead, the rambling factual allegations include unnecessary minutiae about dozens of interactions between Plaintiff, other inmates and staff, and the amended complaint is replete with conclusory arguments about retaliation, cover-ups and conspiracies. Like the original complaint, moreover, the amended complaint does not separate out the allegations into distinct claims but rather combines many disparate claims and arguments, rendering it impossible to discern precisely what claims Plaintiff is asserting.

The amended complaint, like the original complaint, also improperly joins many unrelated claims. Rule 20(a) provides that all persons "may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." The amended complaint sets forth even more unrelated claims against more defendants than the original complaint. It is long and rambling, names over 60 different defendants, and, like the original complaint, covers a wide variety of prison conditions and unrelated incidents. Plaintiff includes allegations of excessive force by different defendants on different occasions, the "chilling of this First Amendment rights via retaliation, denial of administrative remedies, conspiracies to "cover up" criminal activities, attempted murder, harassment, fabricated charges of rules violations, refusal to move cells, bad food, deliberate indifference to medical needs, and interference with mail. These disparate allegations and claims arise from many distinct incidents, and there is no common question of law or fact common to all 60 defendants. Plaintiff's conclusory allegations of conspiracies do not alter this conclusion. Indeed, the amended complaint appears to touch upon everything Plaintiff found objectionable at his prison between the end of 2007 and the middle of 2008. Rule 20 prohibits the kind of grab-bag

pleading Plaintiff submits, but rather unrelated claims must be filed in separate complaints in separate cases. The improper joinder of claims cannot be remedied in this case by dismissal of the unrelated claims because there is no indication from Plaintiff which claims he wants to drop and which he wants to keep. *See* Fed. R. Civ. P. 21.

Third, it appears that plaintiff has improperly included as defendants persons who did no more than fail to grant his administrative appeals. There is no constitutional right to a prison administrative appeal or grievance system. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.1988). Plaintiff had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or a failure to handle it in a particular way therefore does not amount to a violation of his constitutional rights.

Plaintiff has been granted leave to amend once, and his amended complaint not only contains new problems, but also does not correct the deficiencies identified in the original complaint. Consequently, further leave to amend will not be granted.

## CONCLUSION

For the foregoing reasons and for good cause shown, this action is DISMISSED without prejudice to Plaintiff filing his unrelated claims in separate complaints in new cases.

The Clerk shall close the file and enter judgment in favor of Defendants.

IT IS SO ORDERED.

DATED:   February 9, 2011

_____
JEFFREY S. WHITE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOHN E. JAMES,

        Plaintiff,

  v.

CA DEPT OF CORRECTION et al,

        Defendant.

Case Number: CV08-02706 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 9, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

John E. James
P.O. Box 8500
P13474
Coalinga, CA 93210

Dated: February 9, 2011

                            Richard W. Wieking, Clerk
                            By: Jennifer Ottolini, Deputy Clerk